IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STACY LOCKLEAR, Individually and as Parent
and Next Friend of RYAN LOCKLEAR, a Minor,
Deceased; MARJORIE "MISSY" LOCKLEAR,
Individually, as Parent and Next Friend and as
Personal Representative of the Estate of RYAN
LOCKLEAR, a Minor, Deceased; KAYLA
NANETTE LOCKLEAR, a Minor; and KYRA
ANN LOCKLEAR, a Minor,

      Plaintiffs,

v.                                            Civ. No.  05-1191 JP/ACT

KMART CORPORATION, a foreign corporation;
CYCLE SOURCE GROUP LLC, a foreign corporation;
and/or NINGBO LITTLE STAR CYCLES CO., LTD.,
a foreign corporation, and STREET FLYERS, LLC,
a California corporation,

      Defendants.

and

KMART CORPORATION and STREET FLYERS, LLC,

      Cross-Claimants/Third-Party Plaintiffs,

v.

CYCLE SOURCE GROUP, LLC and/or NINGBO
LITTLE STAR CYCLES CO., LTD.,

      Cross-Defendant,

and

GREAT AMERICAN E & S INSURANCE COMPANY,

      Third-Party Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

On February 19, 2008, Plaintiffs filed Plaintiffs' Motion to File Third Amended Complaint to Add Statutory Cause of Action Pursuant to Consumer Product Safety Act Section 23, 15 USC 2072 (Doc. No. 81). Having reviewed the briefs and relevant law, the Court determines that the motion to file a third amended complaint should be denied.

A. Background

The complaint in this case was first filed on June 29, 2005. On March 23, 2006, Plaintiffs moved for leave to file a first amended complaint in order to name the correct Defendants. Plaintiffs' Agreed-To Motion for Leave of Court to File First Amended Complaint (Doc. No. 7). That motion was unopposed and subsequently granted on April 5, 2006. Order Granting Plaintiffs' Agreed-To Motion for Leave of Court to File First Amended Complaint (Doc. No. 8). Plaintiffs were then allowed until September 28, 2007 to file any further motions to amend. *See* Joint Status Report and Provisional Discovery Plan (Doc. No. 30), filed Aug. 15, 2007; Order Adopting Joint Status Report and Provisional Discovery Plan (Doc. No. 44), filed Aug. 21, 2007. Almost two years after filing the first amended complaint, Plaintiffs filed another unopposed motion to amend on February 14, 2008 to add loss of consortium and negligent infliction of emotional distress claims. Plaintiffs' Stipulated Motion to Amend Complaint (Doc. No. 74). The Court granted that second motion to amend on February 19, 2008. Order Granting Plaintiffs' Stipulated Motion to Amend Complaint (Doc. No. 79). On that same day, Plaintiffs e-mailed Defendants indicating their intention to file a third motion to amend to add a Consumer

Product Safety Act (CPSA) claim under 15 U.S.C. §2072(a).[1]  Later on February 19, 2008, Plaintiffs filed their third motion to amend.  Mediation was scheduled on February 20, 2008.

Plaintiffs explain that the delay in moving to amend the complaint a third time was based on the fact that the video-taped deposition of Defendants' liability expert, John Allen, did not occur until February 8, 2008.[2]  According to Plaintiffs, they did not have evidence to support a CPSA claim until Mr. Allen testified at his deposition that the bicycle at issue was defective when it was delivered to the consumer.  Depo. of John Allen at 105 (attached to Reply in Support of Plaintiffs' Motion to File Third Amended Complaint (Doc. No. 103), filed March 18, 2008).  Mr. Allen specifically testified that he considered the bottom bracket of the bicycle to be defective because two ball bearings were missing from the bottom bracket as a result of a loose lock nut thereby causing the two ball bearings to be in the bottom of the box containing the bicycle.  *Id*. at 106.

After Plaintiffs deposed Mr. Allen, Plaintiffs provided Mr. Allen's deposition testimony and exhibits to their consumer products safety expert, William Kitzes.  Although Mr. Kitzes had access to other exhibits earlier, he waited until he reviewed Mr. Allen's deposition testimony and exhibits before preparing an expert report on February 19, 2008.  Mr. Kitzes concluded that several Consumer Product Safety Commission (Commission) rules were violated:  16 C.F.R. §1512.4(a) (assembly), 16 C.F.R. §1512.4(d) (attachment hardware), 16 C.F.R. §1500.3

---

[1]Section 2072(a) states: "Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order...."

[2]Mr. Allen had dismantled and examined the bicycle that is the subject of this lawsuit after the September 28, 2007 deadline for filing motions to amend the pleadings.

(mechanical hazard), and 16 C.F.R. §1500.19 (misbranded toys).  Plaintiffs filed the third motion

to amend immediately after receiving Mr. Kitzes's report on February 19, 2008.[3]

B.  Discussion

      The Court applies a two-step test to determine if a motion to amend should be granted

when the motion to amend is filed after the scheduling order deadline for filing motions to

amend pleadings has expired.  First, the movant must show good cause for modifying the

scheduling order deadline under Fed. R. Civ. P. 16(b)(4).  *Pumpco, Inc. v. Schenker Intern., Inc.*,

204 F.R.D. 667, 668 (D. Colo. 2001).  The Rule 16(b)(4) good cause standard focuses on the

diligence of the movant rather than on the movant's bad faith or prejudice to the opposing party.

*Id*.  Second, if the movant has demonstrated good cause under Rule 16(b)(4), the movant must

show that an amendment of the complaint is permissible under Fed. R. Civ. P. 15(a).  *Id*.

Generally, the Court denies a request to amend under Rule 15(a) only if there is "'a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment.'"  *Id*. at 669 (quoting

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  Motions to amend are liberally

granted.  *Id*.  Both the Rule 16(b)(4) and Rule 15(a) decisions are within the Court's discretion.

*See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Burks v. Oklahoma*

*Pub. Co.*, 81 F.3d 975, 978 (10th Cir.), *cert. denied*, 519 U.S. 931 (1996).

---

    [3]Defendants note that Plaintiffs failed to determine if the Defendants opposed the third motion to amend prior to filing that motion.  *See* D.N.M. LR-Cv 7.1(a).  Although Plaintiffs e-mailed Defendants regarding their intention to file the third motion to amend, Plaintiffs apparently did not wait for a response to the e-mails before filing the third motion to amend.  Plaintiffs, therefore, violated Local Rule 7.1(a).  However, in the interest of deciding the merits of the third motion to amend and considering that Defendants had notice that the motion was going to be filed, the Court will address the third motion to amend.

1. Rule 16(b)(4)

Defendants argue that the Plaintiffs have not shown good cause for modifying the scheduling order to allow the third motion to amend. Without any factual support, the Defendants generally contend that Plaintiffs knew or should have known of a CPSA claim prior to September 28, 2007. Defendants also contend that Mr. Allen's deposition testimony did not contain any new information and that Plaintiffs delayed in procuring their own expert report from Mr. Kitzes. Plaintiffs argue, on the other hand, that without the February 2008 deposition of Mr. Allen and the subsequent expert report from Mr. Kitzes, Plaintiffs were not in a position to make a CPSA claim. In addition, it is important to note that Mr. Allen, Defendants' expert, did not dismantle and examine the bicycle at issue until after the September 28, 2007 deadline had already expired. Moreover, Mr. Kitzes's report was timely because it was not due until March 7, 2008. Scheduling Order at 2 (Doc. No. 43), filed Aug. 21, 2007. The Court agrees with Plaintiffs and thereby concludes that Plaintiffs have shown good cause for modifying the scheduling order deadline to allow the filing of the third motion to amend.

2. Rule 15(a)

Defendants contend that Plaintiffs' Rule 15(a) request to amend the complaint a third time should be denied because adding a CPSA claim would be futile and unduly prejudice Defendants. Defendants further contend that adding a CPSA claim would create undue delay and reflect a dilatory motive. In addition, Defendants assert that Plaintiffs have not sufficiently explained why they could not have brought the CPSA claim sooner.

a. 16 C.F.R. §1512.4(a)(Assembly)

Defendants argue first that Plaintiffs do not provide any legal or factual support in the proposed third amended complaint for the allegation that Defendants knowingly and willfully

violated 16 C.F.R. §1512.4(a).  Section 1512.4(a) states: "Bicycles shall be manufactured such that mechanical skills required of the consumer for assembly shall not exceed those possessed by an adult of normal intelligence and ability."  Defendants note that it was admitted in deposition testimony that Plaintiff Stacy Locklear assembled the bicycle and that it functioned properly. Consequently, Defendants argue that §1512.4(a) could not have been violated because Plaintiff Stacy Locklear actually assembled a functioning bicycle.  Plaintiffs, however, allege in the proposed third amended complaint that §1512.4(a) was violated because a reasonably intelligent consumer would not have known that the two ball bearings were missing from the bicycle nor would a reasonably intelligent consumer know how to re-insert the ball bearings back into the bicycle .[4]   Nevertheless, the Plaintiffs do not allege any facts in the proposed third amended complaint regarding a "knowing and willful" manufacture of bicycles that require exceptional mechanical skills to assemble.

### b.  16 C.F.R. §1512.4(d)(Attachment Hardware)

Next, Defendants argue that Plaintiffs have not demonstrated factual or legal support for alleging that Defendants knowingly and willfully violated §1512.4(d).  Section 1512.4(d) states that: "All screws, bolts, or nuts used to attach or secure components shall not fracture, loosen, or otherwise fail their intended function during the tests required in this part."  Defendants assert that §1512.4(d) was not violated because there is no evidence that any of the attachment hardware at issue in this case failed during testing.  Plaintiffs do not contest this assertion.

---

[4]This allegation is based on Mr. Kitzes's expert report.

     c.  16 C.F.R. §1500.3 (Mechanical Hazard), and 16 C.F.R. §1500.19 (Misbranded Toys)

Defendants again argue that there is no factual or legal support for Plaintiffs' claim that Defendants knowingly and willfully violated §§1500.3 and 1500.19.  Section 1500.3(a)(4)(i)(D) defines a hazardous substance as "[a]ny toy or other article intended for use by children which the Commission by regulation determines ... presents ... [a] mechanical ... hazard."  Section 1500.19 requires that toys with small balls must have a warning label containing a notification of a choking hazard.

Defendants note that since there is a factual issue as to how the ball bearings became located at the bottom of the box, there is no basis for concluding that Defendants knowingly and willfully violated any regulations pertaining to ball bearings. Defendants also observe that the Commission conducted an investigation regarding the circumstances of Ryan Locklear's death in July 2004 and determined that there was no violation of the CPSA or any of the Commission's rules or regulations.[5]

    Although Plaintiffs admit that there is a factual issue as to how the ball bearings became located in the bottom of the box, Plaintiffs do not squarely address Defendants' argument that this factual issue undermines any allegation that Defendants knowingly and willfully violated regulations concerning the labeling of hazardous toy parts.  Furthermore, Plaintiffs do not address at all the Commission's previous determination that the CPSA was not violated.

---

[5]Moreover, Defendants assert that Plaintiffs' allegation that Commission regulations were violated does not satisfy §2072(a)'s requirement that a "consumer product safety rule" or order be violated.  Defendants, however, fail to support this contention with any legal authority.

d.  Conclusion

Plaintiffs have failed to convince the Court that bringing a CPSA claim would not be futile.  For that reason alone, Plaintiffs' third motion to amend should be denied.  The Court, therefore, finds it unnecessary to address Defendants' other arguments in support of denying the third motion to amend.

IT IS ORDERED that Plaintiffs' Motion to File Third Amended Complaint to Add Statutory Cause of Action Pursuant to Consumer Product Safety Act Section 23, 15 USC 2072 (Doc. No. 81) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE