## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**STACY LOCKLEAR, et al.,**
    **Plaintiffs**

    **vs.**                                         **No. 05-CV-1191 JAP/ACT**

**KMART CORPORATION, et al.,**
    **Defendants.**

    **vs.**

**KMART CORPORATION** and **STREET FLYERS, LLC,**
    **Cross-Claimants/Third-Party Plaintiffs,**

    **vs.**

**CYCLE SOURCE GROUP, LLC and/or NINGBO**
**LITTLE STAR CYCLES CO., LTD**
    **Cross-Defendants,**

    **and**

**GREAT AMERICAN E & S INSURANCE COMPANY,**
    **Third-Party Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Sanctions Under Rule 37 Based On Defendant Cycle Source Group, LLC's Supplemental Rule 26 Disclosures and Memorandum Brief [Doc. Nos. 108 and 109]. Defendants Cycle Source Groups, LLC ("Cycle Source"), Kmart Corporation ("Kmart") and Street Flyers, LLC ("Street Flyers") have all filed responsive briefs and Plaintiffs have replied. [Doc. Nos. 119, 129, 130 and 131]. In their motion, Plaintiffs request that the Court enter an order establishing as a judicially designated fact that Uni-Victor, a company with potential involvement in the supply chain of the bicycle involved in this case, has no role in this case, prohibiting all Defendants from introducing any witnesses or evidence

attempting to establish any liability against Uni-Victor, and informing the jury of the failure of Defendant Cycle Source (and possibly other Defendants) to timely identify the existence of Uni-Victor.  Plaintiffs also request that the Court's order include a judicial finding that the presently named Defendants will be jointly and severally liable for any joint or several liability or comparative negligence assessed to Uni-Victor.   Having examined the pleadings and being otherwise well informed in the matter, the Court finds that the Motion for Sanctions will be GRANTED IN PART and DENIED IN PART as further explained in this Order.

<u>PROCEDURAL AND FACTUAL BACKGROUND</u>

1.  This products liability suit arising out of the death of Ryan Locklear on July 25, 2004, was filed in New Mexico State District Court on June 29, 2005.  On November 15, 2005, Defendants Kmart and Street Flyers removed the case to the United States District Court for the District of New Mexico.  [Doc. No. 1].  On July 20, 2007, the Court entered an Initial Scheduling Order. [Doc. 37].  The parties were ordered to make their initial disclosures under Fed. R. Civ. P. 26(a)(1) by August 14, 2007.  *Id.*   In its Rule 26 initial disclosures of "individuals with discoverable information that Defendants may use to support its claims or defenses," Cycle Source disclosed the name of only one individual, Nyle Nims, President of Cycle Source.  Nowhere in its initial disclosure was there any mention of any individuals associated with Uni-Victor, nor did Cycle Source disclose any documents mentioning or related to Uni-Victor.  Defendant Cycle Source Groups, LLC's Initial Disclosure, attached as Ex. 1 to Plaintiffs' Memorandum Brief.  [Doc. No. 109].

2.  On February 20, 2008, Cycle Source responded to Plaintiffs' formal discovery requests. These requests included Interrogatory No.16 which stated:

> Does the defendant contend that any other person or entity is responsible for any act or omission which caused or contributed to cause the occurrence in question or the alleged defect or condition which plaintiff alleges was a cause of the occurrence in question?  If so, please describe in detail the defendant's contention.

Defendant Cycle Source LLC's Answer to Interrogatory No. 16, attached as Ex. 2 to Plaintiffs' Memorandum Brief. [Doc. No. 109].  Defendant answered yes, but did not make any mention of Uni-Victor in its response to Interrogatory No. 16.  *Id.*   Cycle Source also responded to the following two requests for production:

> **REQUEST FOR PRODUCTION NO. 1:** Please produce complete and legible copies of all evidence, facts, documents, materials, photographs and recordings (either tape recorded, digitally recorded, transcribed or un-transcribed) which serve as a basis for your Answers to Interrogatories above.

> **REQUEST FOR PRODUCTION NO. 14:** Any and all brochures, manuals, parts lists, instructions, written materials, advertising materials, or other documents in your possession relating to the product in question.

In its response to these two requests, Cycle Source did not make any mention of or produce any documents related to Uni-Victor.  Defendant Cycle Source LLC's  Responses to Requests for Production, attached as Ex. 3 to Plaintiffs' Memorandum Brief. [Doc. No. 109].

3.  On March 20, 2008, Cycle Source served its Supplemental  Initial Disclosures on all parties. [Doc. No. 105].  These supplemental disclosures identified thirty-two names or categories of "individuals with discoverable information that Defendants may use to support its claims or defenses."   Defendant Cycle Source Group, LLC's Supplemental Initial Disclosures, attached as Ex. 4 to Plaintiffs' Memorandum Brief.  [Doc. No. 109].  This supplemental list included Michael Chen, Daniel Wu and Wendy Cho, all associated with Uni-Victor International Corporation.  *Id.*  The disclosure stated that each "may have information regarding Uni-Victor International's placement of the bicycle order for Street

3

Flyers, LLC, with Ningbo Little Star, its specifications, the manufacturing process, payments and quality control." *Id.* Cycle Source also identified for the first time a Fax Letter to Nyle Nims, Cycle Source Group, LLC, from Michael Chen and Wendy Cho, Uni-Victor International dated March 4, 2004. *Id.*

4. Plaintiffs acknowledge that perhaps Uni-Victor has no culpability in this case and that Defendants may not plan to "empty chair" Uni-Victor in any fashion at the trial of this matter, but argue that they should not be faced with this possibility. Plaintiffs also argue that they should not be put in the position of trying to conduct discovery regarding Uni-Victor at this late date. Finally, Plaintiffs argue that any mention of Uni-Victor at trial will be confusing to the jury and more prejudicial than probative under a Rule 403 analysis.

5. Cycle Source claims that its failure to identify Uni-Victor or witnesses identified with Uni-Victor in its initial Rule 26 disclosures was inadvertent and that Plaintiffs suffered no harm or prejudice as a result of the delay because Plaintiffs' tort-based claims had already expired by the time the Rule 26 initial disclosures were due. Cycle Source states, "[i]n other words, the Plaintiffs would be in exactly the same position today that they would have been had Cycle Source's initial disclosures included any references to Uni-Victor or potential witnesses associated with Uni-Victor." Response Brief, p. 5 - 6. [Doc. No. 119]. As to the discovery responses, Cycle Source argues that, "[e]ven if the responses required the disclosure of Uni-Victor, which Cycle Source denies, it would not have assisted the Plaintiffs in bringing a time-barred claim against Uni-Victor at this stage of the litigations." Response Brief, p. 5. [Doc. No. 119].

6.  Kmart and Street Flyers have joined in Cycle Source's Response and request that the Motion for Sanctions be denied.  Both contend that they had no knowledge regarding Uni-Victor.

7.  The trial is this matter is set before the Honorable James A. Parker on a trailing docket beginning November 3, 2008.  The discovery deadline is July 10, 2008.

## LEGAL ANALYSIS

8.   Plaintiffs are requesting sanctions under Fed.R.Civ.P. 37(c) based on Cycle Source's Supplemental Rule 26 Disclosures.    Rule 37 provides in pertinent part:

> (1) ***Failure to Disclose or Supplement.***  If a party fails to provide information or identity a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworkers Supply, Inc., v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998). Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.* (citations omitted).

9.  In this matter, it is clear that Cycle Source failed to disclose all individuals likely to have discoverable information in its initial disclosures.  Cycle Source contends that it inadvertently omitted two possible witnesses from its initial disclosures and states, "On March 17, 2008, Cycle Source's counsel learned during a telephone conversation with Plaintiffs' counsel that its initial disclosures did not include the potential witnesses associated with Uni-Victor."  Response Brief, p. 3.  [Doc. No. 119].  Three days later, Cycle Source filed its supplemental disclosures.  These disclosures contained the names of three individuals associated with Uni-Victor as well as twenty-eight other individuals or categories of individuals not previously disclosed.  Although Cycle Source contends that it "inadvertently omitted two possible witnesses" from its initial disclosures, that statement seems disingenuous in light of its supplemental disclosure of not two but three additional witnesses associated with Uni-Victor and a total of thirty-one additional witnesses by name or category.  As noted above, Cycle Source also revealed for the first time in its supplemental disclosures the existence of a Fax Letter to Nyle Nims, Cycle Source Group, LLC, from Michael Chen and Wendy Cho, Uni-Victor International dated March 4, 2004, which obviously it was aware of or had in its possession at the time of the August 2007 initial disclosure.  Cycle Source has failed to make any showing that this lack of disclosure, inadvertent or otherwise, was substantially justified.  Likewise, Cycle Source has failed to explain or justify why witnesses and at least one document identified with Uni-Victor were not mentioned or produced in response to Plaintiffs' written discovery.

10.  As noted by Cycle Source, the three-year statue of limitation in this matter expired on July 25, 2007, several weeks prior to the deadline for parties to submit their Rule 26 initial disclosures.  As such, Cycle Source is correct in its assertion that even if it had timely identified the

individuals with knowledge about Uni-Victor or the document identifying Uni-Victor in its initial disclosures, Plaintiffs could not have filed suit against Uni-Victor at that late date.

11. Cycle Source's failure to timely disclose Uni-Victor may have been harmless insofar as it relates to Plaintiffs filing suit against Uni-Victor, but it cannot be said to have been harmless when it comes to discovery and preparation of this matter for trial. It is still unclear to the Court what role, if any, Uni-Victor plays in this case. As noted earlier, when asked in an interrogatory by Plaintiffs whether they contend that any other person or entity is responsible for any act or omission which caused or contributed to cause the occurrence in question, Cycle Source did not provide any information regarding Uni-Victor. Kmart states that it has no knowledge that "the Uni-Victor entity was or may have been involved in the supply, shipping or manufacture of the subject bicycle." Kmart's Response at 2. [Doc. No. 129]. Similarly, Street Flyers states "that it did not have any knowledge of the involvement of an entity named 'Uni-Victor' in the transaction at issue in this case, nor does it currently have any such knowledge." Street Flyers' Response at 2. [Doc. No. 131]. Thus, no party has identified Uni-Victor as a party with any culpability in this case. Therefore, Plaintiffs should not be required to conduct discovery into Uni-Victor's potential involvement at this late date.

12. Taking all of the above factors into consideration and exercising its broad discretion in this matter after considering among other things the factors set forth in *Woodworkers Supply, Inc.,* 170 F.3d 985, the Court finds that Cycle Source's non-disclosure was not justified, nor was it harmless. Kmart and Street Flyers have adopted Cycle Source's arguments and have acknowledged that they have no information regarding Uni-Victor's involvement. Under the circumstances, the Court cannot accept Kmart and Street Flyers' argument that they will be unfairly punished if the

Court rules in Plaintiffs' favor.  Therefore, no evidence of any kind relating to Uni-Victor will be introduced at the trial of this matter, nor will any party make any argument regarding any possible liability on the part of Uni-Victor.  Since the Court lacks sufficient information as to Uni-Victor's role, if any, and no reference regarding Uni-Victor will be allowed at trial, the Court will not make any finding regarding Uni-Victor's potential involvement or liability.

13.  Defendant Cycle Source will pay Plaintiffs' attorney fees incurred in preparation of this motion.  Counsel for Plaintiffs are to submit their request for fees within ten (10) days of entry of this Order.  Defendant Cycle Source may respond within five (5) days of receipt of Plaintiffs' submission.

**IT IS SO ORDERED.**

**ALAN C. TORGERSON**
**United States Magistrate Judge**