# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**STACY LOCKLEAR, et al.,**
     **Plaintiffs**

**vs.**                             **No. 05-CV-1191 JAP/ACT**

**KMART CORPORATION, et al.,**
     **Defendants.**

**vs.**

**KMART CORPORATION** and **STREET FLYERS, LLC.,**
     **Cross-Claimants/Third-Party Plaintiffs,**

**vs.**

**CYCLE SOURCE GROUP, LLC and/or NINGBO
LITTLE STAR CYCLES CO., LTD**
     **Cross-Defendants,**

**and**

**GREAT AMERICAN E & S INSURANCE COMPANY,**
     **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Report and Testimony of Jennifer Canter, M.D., To Prohibit Use of Locklear Minor Daughters' Confidential "Safehouse" Statements and for Associated Sanctions Available Under Rule 37 and Memorandum Brief in Support [Doc. Nos. 158 and 159]. Defendant Cycle Source and Defendant Street Flyers filed responses [Doc. Nos. 185 and 186] and Defendant Kmart joined in both responses [Doc. No. 189]. Plaintiffs filed a reply [Doc. No. 210]. Having examined the pleadings and being otherwise well informed in the matter, the Court finds that the motion is well taken and will be GRANTED IN PART and DENIED IN PART as further explained in this Order.

## PROCEDURAL AND FACTUAL BACKGROUND

This suit arises out of the death of Ryan Locklear on July 25, 2004.  Second Amended Complaint for Wrongful Death, Personal Injuries and Damages and Infliction of Emotional Distress Due to Negligence, Loss of Consortium, Product Defect and Breach of Warranties.  [Doc. No. 80]. Plaintiffs allege that three year old Ryan choked on a metal ball bearing and that his parents, Plaintiffs Stacy and Marjorie Locklear, as well as his two sisters, Kyra and Kayla Locklear, then six and seven years old, witnessed his death.  *Id.*  Following Ryan's death, Plaintiffs Stacy and Marjorie Locklear took their two daughters, Kyra and Kayla, to All Faiths Receiving Home where the girls were interviewed.  Plaintiffs' Memorandum Brief In Support Of Their Motion To Strike Report and Testimony Of Jennifer Canter, M.D., To Prohibit Use of Locklear Minor Daughters' Confidential "Safehouse" Statements And For Associated Sanctions Available Under Rule 37 ("Memo Brief") [Doc. No. 159].  According to Plaintiffs, "[t]he girls were taken to All Faith's Receiving Home and interviewed by counseling personnel pursuant to the mission of All Faith's Receiving Home, which is to provide child-sensitive interviews and interagency coordination for effective and therapeutic care for child victims, child witnesses of homicide, child abuse and violent deaths."  Memo Brief, p. 8 [Doc. No. 159].  The statements taken from Kyra and Kayla on July 26, 2004 (hereinafter "Safehouse" statements) were audiotaped and videotaped. Defendant Cycle Source's Response [Doc. No. 185].

On July 20, 2007, the Court entered an Initial Scheduling Order [Doc. No. 37].  The parties were ordered to make their initial disclosures under Fed.R.Civ.P. 26(a) by August 14, 2007.  *Id.*  A Scheduling Order was entered on August 21, 2007 [Doc. No. 43].  Iin response to an unopposed motion, several of the original scheduling deadlines were extended [Doc. No. 125].  Pursuant to the

Court's order, Defendant Kmart was to supplement its Initial Rule 26 Disclosures and respond to outstanding discovery by April 4, 2008, the parties were ordered to mediate this matter on July 31, 2008 or August 1, 2008, Defendants' deadline to identify experts was extended to May 23, 2008, the discovery deadline was extended to July 10, 2008, the discovery motion deadline was extended to July 17, 2008 and the pretrial motion deadline was extended to July 31, 2008. *Id.*

At some point in time, Defendant Cycle Source obtained copies of the "Safehouse" statements made by Kyra and Kayla Locklear. It appears that Cycle Source obtained these statements from the APD with the authorization of the City Attorney's office on or about December 17, 2007. Defendant Cycle Source's Response, p. 4 [Doc. No. 185]. It also appears that Cycle Source provided copies of these statements to at least some of the other Defendants. Plaintiffs contend that they attempted to obtain copies of these statements but were told that the statements were confidential and could not be produced. There is evidence that all parties were aware of these statements by sometime in December, 2007, however, no party specifically identified these statements in supplemental Rule 26 disclosures or discovery responses.

On May 23, 2008, Defendant Cycle Source produced a report from one of their experts, Jennifer Canter, M.D. Memo Brief, p. 2 [Doc. No. 159]. Dr. Canter refers to the "Safehouse" statements in her report. *Id.* Plaintiffs allege that this was the first time they had any notice that the "Safehouse" statements were in the possession of Cycle Source and they were going to be used affirmatively in support of their defenses. On May 30, 2008, counsel for Cycle Source provided copies of the statements to Plaintiffs in response to a May 28, 2008 written request. Memo Brief, p. 3 - 4 [Doc. No. 159].

In their motion, Plaintiffs request the Court to strike the report and testimony of Jennifer Canter, M.D.  As grounds, Plaintiffs argue that because Cycle Source never disclosed the "Safehouse" statements of Kyra and Kayla Locklear,  Dr. Canter should not be allowed to rely on the statements for her report or testimony.  Plaintiffs also argue that the extension of time for Defendants to identify experts applied only to Kmart and Street Flyers, not Cycle Source and therefore, Cycle Source's identification of Dr. Canter as an expert witness was untimely. Additionally, Plaintiffs request that the Court prohibit any use of the "Safehouse" statements and enter sanctions, including default judgment against Cycle Source for its "willful misuse and withholding" of the statements.  Motion to Strike, p. 2 [Doc. No. 158].

Defendant Cycle Source argues that the Court should deny Plaintiffs' motion on the grounds that it fulfilled its disclosure obligations.  Cycle Source contends that because Plaintiffs Kyra and Kayla Locklear themselves provided the statements, Cycle Source reasonably believed that Plaintiffs had or could easily obtain the statements.  Cycle Source further states that the "Safehouse" statements are not subject to any confidentiality provision or privilege, that Dr. Canter's expert report was disclosed in a timely manner and that Dr. Canter may properly rely on the "Safehouse" statements  under Federal Rule of Evidence 703 as the two minors were eyewitnesses to death of Ryan Locklear.

Defendant Street Flyers similarly argues that it was not obligated to disclose the "Safehouse" statements.  Street Flyers bases its argument on Rule 26(a)(e)(1)(A) which requires supplementation only "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Street Flyers states that because it

4

understood that the statements were a part of the police report, it further assumed that all parties had copies of the statements and therefore, it was under no obligation to produce copies of the statements.

Defendant Kmart joined in the responses on behalf of Cycle Source and Street Flyers.

The issue before the Court is not whether Plaintiffs knew or should have known about the "Safehouse" statements.  The issue before the Court is not whether Plaintiffs could have obtained the "Safehouse" statements.  The issue before the Court is not whether Defendant Cycle Source obtained the "Safehouse" statements by improper means.  The issue before the Court is whether Defendant Cycle Source and the other Defendants should have disclosed the "Safehouse" statements under Rule 26(a) or in response to written discovery requests since they intended to rely on these statements in support of one or more of their defenses.  The answer to that question is yes and Defendants' conduct is neither justified nor harmless.

## LEGAL ANALYSIS

As to Plaintiffs assertion  that Defendant Cycle Source's identification of Dr. Canter and production of her report was not timely, the Court finds that such identification and production was timely pursuant to the Court's Order of April 24, 2008 extending the deadline for Defendants' identification of expert witnesses [Doc. No. 125].  Although the motion seeking the extension may have been filed by Defendants Kmart and Street Flyers, the order extending the deadline included all Defendants, not just Kmart and Street Flyers.

As to Defendants' failure to disclose the "Safehouse"statements, Defendants' reliance on Rule 26 is misplaced. All Defendants argue that because  the Plaintiffs knew of the existence of the "Safehouse" statements, they had no obligation to produce them or disclose them to Plaintiff.

5

However, Rule 26(a)(1)(A)(ii) requires the disclosure of all "documents, electronically stored information and tangible things that the disclosing party has in its possession....and <u>may use to support its claims or defenses</u>. . ." (emphasis added).  The Advisory Committee Notes to Rule 26, 2000 Amendment states in pertinent part:

> The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses.  "Use" includes any use at a pretrial conference, to support a motion, or at trial.  The disclosure obligation is also triggered by intended use in discovery, apart from use to respond to a discovery request; use of a document to question a witness during a deposition is a common example.  The disclosure obligation attaches both to witnesses and documents a party intends to use and also to witnesses and to documents the party intends to use if – in the language of Rule 26(a)(3)  – "the need arises."

The Court would also note that the Defendants had a duty to supplement their initial disclosures if they did not have the "Safehouse" statements at the time they made their initial disclosures.

In addition to the Rule 26 disclosures, Defendant Cycle Source had a duty to disclose the "Safehouse" statements in response to a number of discovery requests propounded on them by Plaintiffs but did not do so.  Plaintiffs propounded the following written discovery on Cycle Source:

> **Interrogatory No. 17:** Do you contend in any way, shape or form that the parents of Ryan Locklear were comparatively negligent in connection with the death of their son Ryan?  If so, please set forth any and all evidence, facts, witnesses, documents, materials, photographs and records (either tape recorded, digitally recorded, transcribed or un-transcribed) which serve as a basis for such a contention, and identify all facts and the application of law to those facts that support that contention.

> **Request for Production No. 1:** Please produce complete and legible copies of all evidence, facts, documents, materials photographs and recordings (either tape recorded, digitally recorded, transcribed or un-transcribed) which serve as a basis for your Answer to Interrogatories.

> **Request for Production No. 13:** Copies of any and all statements previously made by any member of the Locklear family concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of

recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

Memo Brief, Ex.3 [Doc. No. 159]. In its responses to these discovery requests Cycle Source referred Plaintiffs to public records that are available to Plaintiffs "upon proper requests to those authorities." *Id.* Referring Plaintiffs to public records does not relieve Cycle Source of their obligation to provide a full and detailed answer to an interrogatory or production of documents in response to a request for production. Defendants are under a duty to provide complete, separate, signed and verified answers to interrogatories and production of documents in response to requests for production. If Defendants believed that the documents responsive to certain requests were public records and available to Plaintiffs, they had a duty, at a minimum, to specifically identify those particular documents to Plaintiffs. Defendants are also under a duty to supplement their disclosures and discovery responses in a timely matter.

It is clear that all of the Defendants intended to use the "Safehouse" statements in support of their defenses or claim that Defendants Stacy and Majorie Locklear were comparatively at fault. The issue then becomes whether or not Defendants should be sanctioned for failing to make timely disclosures.

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that where a party fails to make a disclosure required by Rule 26(a) or Rule 26(e)(1), that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. See Fed.R.Civ.P. 37(c)(1). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995). While Rule 37(c)(1) is written in mandatory terms,

the court is vested with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. See *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir.1999) (recognizing that Rule 37(c) vests broad discretion with the trial court). Sanctions should not be imposed under Rule 37(c)(1) where the failure to disclose was substantially justified or harmless.

For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact for his position, and where there exists a genuine dispute concerning compliance. *Nguyen v. IBP, Inc*., 162 F.R.D. at 680. "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.* Whether a Rule 26(a) violation is justified or harmless is a question entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d at 993.

Applying these factors to the record, the Court concludes that Defendants' failure to comply with their obligations under Rule 26(a)(1)(A) was not substantially justified. As early as December, 2007, when Defendants deposed Plaintiff Stacy Locklear, they used the "Safehouse" statements in questioning Mr. Locklear yet no supplemental Rule 26 disclosure was made. The Court also finds that Defendants' non-compliance was not harmless. Noncompliance is harmless only when there

is no prejudice to the opposing party. *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 653 (D.Kan.1996).  Plaintiffs did not have the benefit of reviewing the "Safehouse" statement before the deposition of Mr. Locklear or throughout the course of discovery up until the statements were produced in late May, 2008.

In weighing the element of prejudice or surprise, the court must take heed of the purposes underlying Rule 26(a)(2). This rule imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement.  The revised rules eliminate the former process of "trial by ambush," and mandates full disclosure of relevant information necessary to evaluate the case or to prepare for trial at an early stage of the proceedings.

As for the second and third *Woodworker's* factors, the Court recognizes that trial in this case is five months away. That fact affords a greater ability to cure any prejudice to the Plaintiffs and minimizes the possibility of trial disruption. However, the court cannot disregard the disruption and prejudice that has already occurred as a result of Plaintiff's deficient disclosures.  The depositions of Stacey and Majorie Locklear were taken after Defendant had the "Safehouse" statements and before they were disclosed to Plaintiffs.[1]  Defendant Cycle Source's Response, p. 4, 11 [Doc. No. 185].  Rule 26(a) is designed to facilitate case management and the discovery process. Defendants' untimely disclosures disrupted those objectives. To suggest that sanctions are inappropriate because the trial court could extend discovery deadlines and/or trial dates would effectively reward Defendants' non-compliance.

---

[1]  The Court is aware the statement were discussed at Mr. Locklear's deposition but they were not produced (in spite of promises to do so by defense counsel) until months later.

With respect to the fourth *Woodworker's* factor, Plaintiffs have not offered any evidence that would demonstrate that Defendants' failure to comply with Rule 26(a)(2) was the product of bad faith or willfulness.  However, Defendants' good faith alone may not be enough to overcome the other three factors. *Cf. Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir.2002), cert. denied, 537 U.S. 1066, 123 S.Ct. 623, 154 L.Ed.2d 555 (2002). Defendants should not be permitted to ignore their disclosure obligations and then avoid sanctions simply by claiming their deficiencies were careless rather than willful.

Fed.R.Civ.P. 37(c)(1) governs sanctions for disclosure improprieties. The primary goal of Rule 37 sanctions is to deter misconduct. The selection and imposition of sanctions lies within the sound discretion of the court. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994). "The sanction imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer." *Sender v. Mann*, 225 F.R.D. 645, 657 (D. Colo. 2004), quoting *Hite v. The PQ Corp.*, 1998 WL 895893, *2 (D.Kan.1998).

After considering the *Woodworker's* factors and the objectives underlying Rule 37(C), the Court finds that all of the sanctions specifically requested by Plaintiff, striking Dr. Canter as an expert witness, prohibiting the use of the "Safehouse" statements and entering a default judgment against Cycle Source are not warranted under the facts in this case.  However, this is not the first time the Court has found that Defendant Cycle Source failed to comply with Rule 26. See, Memorandum Opinion and Order filed June 20, 2008 [Doc. No. 195].  The other Defendants have chosen on both occasions to ride on the coattails of Defendant Cycle Source and  in this instance they also failed to meet their obligations under Rule 26(a).  Under the circumstances, none of the Defendants should be allowed to continue to ignore their responsibilities under the Federal Rules

of Civil Procedure.   Accordingly, the Court will prohibit any use of the "Safehouse" statements of Kyra Locklear and Kayla Locklear in discovery or at the trial of this matter.  Cycle Source's expert, Jennifer Canter, M.D. will be allowed to testify at trial if she is properly qualified and has some other  basis for her opinions and that basis was included in her expert report previously produced to Plaintiffs.

Defendant Cycle Source, Street Flyers and Kmart  will pay Plaintiffs' attorney fees incurred in preparation of this motion.  Counsel for Plaintiffs are to submit their request for fees within ten (10) days of entry of this Order.  Defendants may respond within five (5) days of receipt of Plaintiffs' submission.

**IT IS SO ORDERED.**

**Alan C. Torgerson**
**UNITED STATES MAGISTRATE JUDGE**