IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STACY LOCKLEAR, et al.,**
    **Plaintiffs**

vs.                                                      No. 05-CV-1191 JAP/ACT

**KMART CORPORATION, et al.,**
    **Defendants.**

MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Discovery Sanctions Pursuant to Fed.R.Civ.P. Rule 37 for Failure of Defendant Kmart Corporation to Comply with Fed.R.Civ.P. 30(b)(6) Deposition Rules and Related Sanctions [Doc. No. 258]. Defendants Kmart and Street Flyer have responded and Plaintiffs have replied [Doc. Nos. 262, 280 and 308]. Kmart filed a sur-reply. [Doc. No. 322]. Having examined the pleadings and being otherwise well informed in the matter, the Court finds that the motion is not well taken and will be DENIED.

On May 14, 2008, Plaintiff provided Kmart's counsel with Plaintiffs' Notice of Rule 30(b)(6) Deposition *Duces Tecum* of Kmart. Plaintiffs' Memorandum Brief in Support of Motion for Discovery Sanctions ("Memorandum Brief"), Ex. 1. [Doc. No. 259]. The date, time and place of the deposition were left blank but the notice included a list of "areas of inquiry." *Id.* According to a letter from Plaintiffs' counsel, this notice was sent to Kmart's counsel so counsel "could decide on which Kmart person is the most appropriate." *Id.* On June 19, 2008, Plaintiffs' Notice of Rule 30(b)(6) Deposition *Duces Tecum* of Kmart Corporation's Representatives was served on Kmart. Memorandum Brief, Ex. 2. [Doc. No. 259]. The deposition was set for June 28, 2008, in Hoffman Estates, IL. *Id.* The "areas of inquiry" were similar but not identical to those listed in the May 14,

2008 document. *Id.* On June 27, 2008, Plaintiffs served Kmart with an amended notice of deposition, setting the deposition for July 14, 2008 at a location to be determined by Kmart's counsel. Memorandum Brief, Ex. 3. [Doc. No. 259]. The amended deposition notice was identical to the one served on June 19, 2008, with the exception of a change in the date and location of the deposition. *Id.* The deposition notice requested that the designated representative(s) be knowledgeable about seven listed areas of inquiry. *Id.* The notice requested that Kmart produce the documents called for in the notice at least five (5) days before the deposition and also to produce the documents to Plaintiffs' attorney at the deposition itself. *Id.*

The deposition of Marviel Martinez, Kmart's designated representative, took place in Ontario, California on July 14, 2008. Plaintiffs' Motion for Discovery Sanctions ("Plaintiffs' Motion), p. 3 [Doc. No. 258]. Plaintiffs argue that Kmart "willfully failed or refused to comply with the Plaintiffs' 30(b)(6) Deposition Notice." *Id.* Plaintiffs contend that Kmart failed to produce the documents requested both prior to and at the time of deposition and that Mr. Martinez was the "wrong person" to be testifying in response to Plaintiffs deposition notice. Memorandum Brief, pp. 2 - 3 [Doc. No. 259]. Plaintiffs' argument is centered around an 86 page "Kmart New Vendor Packet"[1] and "328 or so pages of e-mail and attachments" that were produced on May 29, 2008, at the Rule 30(b)(6) deposition of Street Flyers' designated representative. *Id*. Plaintiffs state that the "New Vendor Packet" contains "all documents and agreement every Kmart vendor is required to

---

[1] A copy of the "New Vendor Packet" was originally produced by Defendant Cycle Source in a supplemental Rule 16 disclosure on March 20, 2008. However, Nyle Nims, Cycle Source's Rule 30(b)(6) designee, testified on June 30, 2008, that the "New Vedor Packet" was not executed by Cycle Source in connection with the Spiderman bicycles at issue and that he does not know why it was produced by Cycle Source as part of their Rule 16 disclosures. Response Brief, p. 3 and Exhibit B. [Doc. No. 262].

process, comply with, and agree to." Memorandum Brief, p, 4 [Doc. No. 259]. Plaintiffs claim that Mr. Martinez "did not have knowledge, nor could he speak on behalf of Kmart Corporation concerning matters set forth within the Kmart New Vendor packet" nor could he testify about the emails. Memorandum Brief, p. 5. [Doc. No. 259]. In their motion, Plaintiffs state that when Mr. Martinez was asked if he was knowledgeable concerning the areas of inquiry listed in the deposition notice, he generally stated that he would do his best. Memorandum Brief, p. 3. [Doc. No. 259]. Plaintiffs suggest that the appropriate Kmart representatives would have been Nancy Fontaine, the bicycle buyer for Kmart and Rick Harrison, Operating Vice President, Global Operations, Corporate Brands and Quality Assurance, Kmart Far East. Memorandum Brief, p. 8. [Doc. No. 259].

Kmart denies that Mr. Martinez was an improper designee. Kmart argues that contrary to Plaintiffs' assertions, Mr. Martinez stated that he would do his best in responding to the first area of inquiry listed on the deposition notice but that he was able to answer inquiry areas numbers two - five and seven. Kmart's Response to Plaintiffs' Motion for Sanctions ("Response Brief"), pp. 4 - 5 [Doc. No. 262]. As to area number six, Kmart does concede that Mr. Martinez, "like everyone else in this case" was at a loss to explain "how it came to be" that loose bearing balls were in the bicycle box as alleged by Plaintiffs. *Id.* However, Kmart does admit that Mr. Martinez testified that he was without knowledge as to product development, import/export, merchandise testing and CPSC compliance as to bikes or buying bikes but argues that none of these areas would ever be within Kmart's scope of knowledge as Kmart was not involved in designing and manufacturing the bicycle product line at issue. Response Brief, p. 9. [Doc. No. 262].

As to Plaintiffs' contentions that every Kmart vendor is required to process, comply with and agree to the "New Vendor Packet," Kmart states, "[n]either Kmart or any other party-Defendant to

3

this action has so much as suggested such a notion." Response Brief, p. 3 [Doc. No. 262] . Kmart goes on to say,

> Since the "Packet" in fact has no application in this case vis-a-vis Kmart and any co-defendant, it is not, as Plaintiffs maintain, of core importance herein, and any dispute relative to whether or not Kmart's Rule 30(b)(6) designee was sufficiently knowledgeable about the irrelevant "Packet" is moot.

*Id.* Kmart states unequivocally throughout its Response Brief and Sur-Reply that the "New Vendor Packet" is not applicable to this litigation.[2] As to the e-mails, Kmart argues that only 13 out of the 328 pages are authored by or were transmitted to Kmart personnel and accordingly, Mr. Martinez cannot be found to be insufficient because he "was not conversant in the third party communication of others reflected in the remaining 314 pages of documents produced by Street Flyers." Response Brief, p. 4.  [Doc. No. 262].  Kmart suggests that if the Court finds that it has fallen short on the matter of having a witness prepared to address buyer activity that the proper remedy would be to make Ms. Fontaine available for a deposition, which Kmart is willing to do. Response Brief, p. 10. [Doc. No. 262].

As to the documents that Plaintiffs argue should have been produced both five days prior to and at the deposition, Kmart asserts that it had produced all documents in advance of the deposition by and through previous responses to various discovery requests and was not required to produce them again.  Response Brief, p. 5.  [Doc. No. 262].

In their reply brief, Plaintiffs informed the Court that they just become aware of the existence

---

[2] In support of its position, Kmart attaches an Affidavit of Nyle Nims, the President of Cycle Source, in which he states, "[t]he New Vendor Agreement with Kmart Corporation that Cycle Source signed in September 2004 had nothing whatsoever to do with the Spiderman line of bicycles or this litigation. During the spring of 2004, when the bicycle purchased by the Locklears was manufactured, Street Flyers was the vendor for Kmart for this line of children's bicycles." Sur-Reply, Ex. A. [Doc. No. 322].

of a "Vendor Information Manual." Plaintiffs' Reply to Defendants Kmart Corporation's Response [Doc. No. 262] to Plaintiffs' Motion for Sanctions [Doc. 258] ("Reply Brief"), pp. 5-6. [Doc. No. 308]. This document is referred to in the four page Vendor Agreement between Street Flyers and Kmart that was produced by Street Flyers on May 22, 2008. Response Brief, Ex. C. [Doc. No. 262]. Plaintiffs argue that the "Vendor Information Manual" as well as the "New Vendor Packet" and various e-mails should have be disclosed by Kmart in its initial Rule 26 disclosures and request that additional sanctions being imposed against Kmart for failure to produce these documents. Reply Brief, p. 7. [Doc. No. 308]. In its sur-reply, Kmart again repeats that the "New Vendor Packet" is irrelevant and not applicable to this litigation. It further noted that it does not have and thus, could not produce the vendor agreement it entered into with Street Flyers nor could it locate the "Vendor Information Manual." Sur-Reply, p. 3. [Doc. No. 322].

## PRODUCTION OF DOCUMENTS

Although Plaintiffs first provided Kmart with a "description of the Rule 30(b)(6) witness" on May 14, 2008, Plaintiffs' Notice of Rule 30(b)(6) Deposition *Duces Tecum* of Kmart Corporation's Representatives was not finalized or served on Kmart until June 19, 2008. Memorandum Brief, Exs. 1 and 2. [Doc. No. 259]. The amended deposition notice, which modified the date and place of the deposition, was served on Kmart on June 27, 2008. Memorandum Brief, Ex. 3. [Doc. No. 259]. The deposition took place on July 14, 2008, 25 days after the first notice of deposition was served and just 17 days after the amended deposition notice was served. Kmart was under no duty to provide the documents to Plaintiffs by July 9, 2008 (five days prior to the deposition) or at the deposition itself. When documents are requested to be produced at a deposition, the provisions of Fed.R.Civ.P. 34 apply, including the 30 day time to respond.

Fed.R.Civ.P. 30(b)(2). In addition, as noted above, Kmart asserts in its Response that all of these documents had been previously produced during the course of discovery. Therefore, the Court finds that Plaintiffs' Motion for Sanctions as to the documents Plaintiffs requested be produced at the deposition of Kmart's Rule 30(b)(6) designee is not well-taken and will be denied.

### RULE 30(b)(6) DESIGNEE

In their Notice of Rule 30(b)(6) Deposition *Duces Tecum* of Kmart Corporation's Representatives, Plaintiffs set forth six areas of inquiry and requested that Kmart designate a representative or representatives to testify regarding those six areas. Under the Federal Rules of Civil Procedure, Kmart was required to designate the appropriate representative(s) or move the Court for a protective order. Fed.R.Civ.P. 26 and 30. Kmart chose to designate Marviel Martinez as their corporate representative to respond to Plaintiffs 30(b)(6) deposition notice. On July 14, 2008, the deposition of Mr. Martinez was taken in Ontario, California by Plaintiffs' counsel.

Plaintiffs argue that Mr. Martinez was not the appropriate designee to respond to their Rule 30(b)(6) deposition notice because he could not testify about the "New Vendor Packet" and the 328 e-mails produced at the Rule 30(b)(6) deposition of Street Flyers' representative. Kmart responds by stating that Mr. Martinez was the appropriate representative to respond to the Plaintiffs deposition notice and that it was Plaintiffs choice to spend the deposition asking questions about irrelevant and inapplicable documents that were produced by other parties in this lawsuit.

Kmart did not produce the "New Vendor Packet" nor did it produce the 328 e-mails. Plaintiffs' Rule (30)(b)(6) deposition notice did not reference the "New Vendor Packet" nor did it reference the 328 e-mails. The deposition notice set forth seven broad areas of inquiry. When asked about whether he was familiar with the items listed in the first area of inquiry, Mr. Martinez stated

that he would do his best.  Kmart concedes that Mr. Martinez testified that he is does not have knowledge about product development, import/export, merchandise testing and CPSC compliance as to bikes or buying bikes but argues that because Kmart is not involved in designing and manufacturing the bicycle product line at issue, such information "would never be within Kmart's scope of knowledge."  Response Brief, p. 9 [Doc. No. 262]. Plaintiff did not challege this assertion in their Reply.  When asked about whether he was familiar with and could answer questions about areas two through five and seven, Mr. Martinez answered in the affirmative.  Mr. Martinez was unable to give any answer regarding area number six as he was at a loss to explain how it came to be that the loose bearing balls were in the bicycle box as alleged by Plaintiffs..

Other than the questions regarding the "New Vendor Packet" and the 328 e-mails, Plaintiffs do not cite to any specific questions that Mr. Martinez was unable to answer.  For the reasons set forth above, the Court finds that Kmart complied with the Plaintiffs' Rule 30(b)(6) deposition notice and that Plaintiffs' Motion for Sanctions as to Kmart's alleged failure to properly designate a Rule 30(b)(6) representative is not well taken and will be denied.

## VENDOR INFORMATION MANUAL

Plaintiffs contend that they just recently discovered the existence of a "Vendor Information Manual" as they were inspecting an enlargement of the Vendor Agreement produced by Street Flyers on May 22, 2008, and that Kmart should be sanctioned under Fed.R.Civ.P. 37 for not producing this document as well as the "New Vendor Packet" and their file copies of the 328 e-mails.  In making this argument, Plaintiffs contend that Kmart is "now relying on the New Vendor Packet as part of its case in its defense."

As to the Vendor Information Manual, Kmart cannot produce what it has not been able to

locate and does not have in its possession. As to the "New Vendor Packet" and the 328 e-mails, the Court concludes that Plaintiffs had these documents in their possession prior to the deposition of Mr. Martinez and were not prejudiced by Kmart's failure to produce them again prior to the deposition. Therefore, the Court finds that Plaintiffs' request for sanctions against Kmart for failure to produce the "Vendor Information Manual," the "New Vendor Packet" and the 328 e-mails is not well taken and will be denied.

    **IT IS SO ORDERED.**

                                                            _____
                                                            **Alan C. Torgerson**
                                                            **UNITED STATES MAGISTRATE JUDGE**