IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STACY LOCKLEAR, et al.,**
    **Plaintiffs**

**vs.**    No. 05-CV-1191 JAP/ACT

**KMART CORPORATION, et al.,**
    **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendant's Joint Motion to Dismiss Counts VI and VII of Plaintiffs' Second Amended Complaint or, in the Alternative, for Sanctions and Defendants' Joint Motion to Strike Plaintiffs' Supplemental Response to Applicable Discovery Requests Regarding Medical Records and for Sanctions. [Doc. Nos. 255 and 314]. Plaintiffs filed responses to both motions and Defendants replied to the response in opposition to the motion to dismiss. [Doc. Nos. 27, 316 and 360]. The United States Magistrate Judge, having held a telephonic hearing on the two motions and after reviewing the pleadings, the relevant law and being otherwise fully informed, recommends that Defendants' Joint Motion to Dismiss be denied and that Defendants' Joint Motion to Strike be granted in part as further explained below.

PROPOSED FINDINGS

1. In Plaintiffs' First Amended Complaint, Plaintiffs Stacey and Majorie Locklear asserted individual claims for damages resulting from the "severe emotional shock" as the result of witnessing their son choking. [Doc. No. 9]. Plaintiffs Second Amended Complaint added the Locklears' two minor daughters as plaintiffs in the suit and also added claims for negligent infliction of emotional distress and loss of consortium. [Doc. No. 80]. Plaintiffs allege that they suffered

"severe emotional shock and injuries as a result of witnessing Ryan's sudden, traumatic injury and death." Second Amended Complaint, ¶41. [Doc. No. 80]. Defendants seek dismissal of Plaintiffs' claims of negligent infliction of emotional distress and loss of consortium on the grounds that Plaintiffs failed to produce the names of their medical care providers for the past five years, any medical records Plaintiffs might have had, or medical releases as required by Local Rule D.N.M. LR-Civ. 26.3(d). [Doc. Nos. 255 and 256]. Defendants also request that the Court strike Plaintiffs' Supplemental Response to Applicable Discovery Requests Regarding Medical Records. [Doc. No. 260]. In that supplemental response, Plaintiffs produced a February 1, 2008 letter from Comfort Zone and a itemized statement from Susan Tucker, M.D.

## Initial Disclosures and Discovery

2. D.N.M. LR-Civ 26.3(d), Required Initial Disclosure, is very clear. "In all cases in which the physical or mental medical condition of a party is at issue..." the disclosing party is required to make a good faith effort to produce the name, address and phone number of any healthcare provider that the party has seen in the past five years, all records from any such healthcare providers already in the party's possession and a signed medical release for each medical provider. Moreover, Fed.R.Civ.P. 26(e) requires all parties to supplement their disclosures and discovery responses if a party learns that previously submitted information is incorrect or incomplete. In addition, under Fed.R.Civ.R. 26(a)(1)(D), any parties added after the initial scheduling conference must make their initial disclosures within 30 days after being served or joined unless a different time is imposed by stipulation or court order.

3. When Plaintiffs submitted their Initial Disclosures on August 20, 2007, they did not provide the names of their medical providers for the past five years, produce any medical records or execute medical releases. Memorandum of Law in Support of Defendants' Joint Motion to

Dismiss Counts VI and VII of Plaintiffs' Second Amended Complaint or, in the Alternative, for Sanctions ("Memorandum Brief"), Ex. A. [Doc. No. 256]. Plaintiffs provided the names of Majorie Locklear's treating physicians on October 15, 2007 (Plaintiffs' Answers to Defendant Street Flyers LLC's First Interrogatories to Majorie Locklear, Individually, attached as Ex. 3 to Plaintiffs' Response to Motion to Dismiss [Doc. No. 271]) and signed releases for Stacey and Majorie Locklear by December 10, 2007. Plaintiffs' Response to Motion to Strike, Exs. 3 and 4. [Doc. No. 360].

    4. Both Stacey Locklear and Majorie Locklear testified at length about mental health issues at their depositions taken in December, 2007. Stacey Locklear testified that he had not seen any professionals for health care related to dealing with his son's death. Majorie Locklear disclosed that she had seen Dr. Susan R. Tucker and was seeing Robin Rutsky, LCSW. On January 31, 2008, in response to a letter from counsel for Defendant Cycle Source, counsel for Plaintiffs provided mailing addresses for Susan R. Tucker, M.D. and Robin Rutsky LCSW. Response Brief, p. 7. [Doc. No.271].

    5. Kayla Locklear and Kyra Locklear were under the age of seven at the time of the death of their brother. There is nothing in the record to suggest that either Kayla or Kyra had emotional problems prior to the death of their brother. In March 2008, Plaintiffs identified Children's Grief Center of New Mexico, Kirtland AFB Medical Clinic, Desert Springs Church, Albuquerque, NM and Salem Fields Community Church as "grief counselors" under the heading <u>Treating Medical Professionals</u> in their Identification of Experts and Disclosure of Expert Reports Pursuant to Rule 26(a)(2)(B). Memorandum Brief, Ex. C. [Doc. No. 256]. It is undisputed that Kayla and Kyra did not see Karen Brown for counseling until July 7, 2008 and that Ms. Brown has not yet provided any medical records or medical bills.

    6. Plaintiffs argue that their claims for emotional distress and loss of consortium do not put

their mental medical condition at issue and therefore they were not required to disclose their medical records as required under D.N.M. LR-Civ. 26.3(d). Plaintiffs state that they have a "meritorious and good faith belief that under New Mexico law, neither negligent infliction of emotional distress to a bystander nor loss of consortium required any evidence of a 'mental medical condition,' which would trigger disclosure of each Plaintiff's five year medical history." Response Brief, p. 3. Plaintiffs contend that "'[s]evere shock' is an emotion experienced by ordinary people and as such it can be determined by the experience of, and common sense of the jury. It is not a 'mental medical condition' requiring expert treatment and diagnosis. Therefore, Plaintiffs' allegations do not trigger any special medical disclosures..." *Id.*

    7. The Court finds Plaintiffs' argument unpersuasive. In discovery, in addition to the "grief counselors" referenced in paragraph five above, Plaintiffs have disclosed the following:

    a.     Majorie's family doctor prescribed Zoloft and psychotherapy. Plaintiffs' Answers to Defendant Street Flyers LLC's First Interrogatories to Majorie Locklear, Individually, attached as Ex. 3 to Plaintiffs' Response to Motion to Dismiss. [Doc. No. 271].

    b.     Dr. Susan Tucker prescribed Wellbutrin for Majorie. *Id.*

    c.     Majorie has seen Robin Rutsky, LCSW for mental health counseling. December 18, 2007, deposition testimony of Majorie Locklear, attached as Ex. 7 to Plaintiffs' Response to Motion to Strike. [Doc. No. 360].

    d.     Kayla and Kyra Locklear have gone to grief camps. Plaintiffs' Response to Motion to Strike, p. 3 [Doc. No. 360]; Defendants' Motion to Strike, Ex. B. [Doc. No. 314].

    e.     Kayla and Kyra Locklear have seen Karen Brown for mental health counseling. Plaintiffs' First Supplements to Rule 26(A)(1) Initial Disclosures, attached as Ex. B

to Defendants' Memorandum Brief. [Doc. No. 256].

8. The Court concludes from this information that Plaintiffs Majorie, Kayla and Kyra Locklear are alleging more than garden-variety emotion distress. *See, Brown v. Parking Authority of the City of Camden,* 214 F.R.D. 188,192 (D.N.J. 2003); *Javeed v. Covenant Medical Center, Inc.,* 218 F.R.D. 178 (N.D. Iowa 2001). Once these Plaintiffs testified and disclosed information as to mental distress that was more than garden-variety emotional distress, as evidenced by their use of counseling, doctor visits and medications, they were under an obligation to supplement their initial disclosures. Therefore, the Court finds that Plaintiffs Majorie, Kayla and Kyra Locklear, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the District of New Mexico, had a duty to disclose their medical providers for the past five years, provide copies of any medical records in their possession and execute and deliver the releases specified in D.N.M. LR-Civ. 26.3(d). These Plaintiffs failed to fully comply with this rule and Fed.R.Civ.P. 26 and its subparts.

9. Since Plaintiff Stacey Locklear has not received medical treatment, taken prescription medication or sought professional counseling regarding the death of his son, his "mental emotional condition" may be more appropriately described as a "garden variety" emotional or mental condition, but this fact does not excuse the non-compliance of the other Plaintiffs

Request for Sanctions

10. The determination of whether a violation of Fed.R.Civ.P. 26 is justified or harmless is entrusted to the broad discretion of the district court. *Woodworkers Supply, Inc., v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998). Nevertheless, the following

>factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.*

### a. Stacey and Marjorie Locklear

11. Defendants do not dispute that at the depositions of Stacey and Majorie Locklear their mental health issues were explored at length. At the hearing on September 25, 2008, counsel for Plaintiffs stated that the only medical provider or counselor the Plaintiffs intend to call on behalf of Majorie Locklear is Dr. Susan Tucker. Plaintiffs have not identified and do not intend to call any medical provers or counselors on behalf of Stacey Locklear.

12. Dr. Tucker was first identified on October 15, 2007 in Plaintiffs' Answers to Defendant Street Flyers LLC's First Interrogatories to Marjorie Locklear, Individually. Plaintiffs' Response to Motion to Strike, Ex. 8. [Doc. No. 360]. Stacey and Majorie Locklear provided medical releases on December 10, 2007. In response to an informal request, in a facsimile dated February 4, 2008 to counsel for Kmart and Cycle Source, Plaintiffs' counsel provided the address for Dr. Tucker, as well as Robin Rutsky, LCSW who had seen Marjorie Locklear. Plaintiffs' Response to Motion to Strike, Ex. 6. [Doc. No. 360]. Counsel for Defendant Cycle Source acknowledged at the hearing that they had requested and received records from Dr. Tucker. None of the Defendants sought to take the deposition of Dr. Tucker or Ms. Rutsky.

### b. Kayla and Kyra Locklear

13. Plaintiffs disclosed that Kayla and Kyra Locklear received counseling through their church and had attended at least one grief camp in the summer of 2007. Plaintiffs' Supplemental Response to Applicable Discovery Requests Regarding Medical Records, attached as Ex. B to Motion to Strike. [Doc. No. 314]. Counsel for Plaintiffs have represented that Stacey and Majorie

Locklear only recently felt it was appropriate for Kayla and Kyra to seek professional counseling. As there was some delay in getting approval through their insurance company, Kayla and Kyra did not start seeing Karen Brown until July, 2008. While the Court respects the decisions made by the Plaintiffs, the Court must balance these decisions with any prejudice it may have caused Defendants. Kayla and Kyra Locklear were deposed on September 10, 2008, in the presence of the undersigned. They were able to answer fully and completely all questions regarding their emotional condition, their attendance at a grief camp(s) and their session with Ms. Brown.

14. Given the history of this case, the disclosures and discovery which has taken place to date and considering all the factors enumerated by the 10th Circuit in *Erenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992), the Court's recommendations are as follows:

    a.    That Defendants' request that Counts VI and VII of Plaintiffs' Second Amended Complaint be dismissed be denied;

    b.    That the following sanction be imposed on Plaintiffs with respect to their individual claims for negligent infliction of emotion distress and loss of consortium:

        1)    Stacey Locklear - testimony will be limited to lay witnesses;

        2)    Majorie Locklear - testimony will be limited to lay witnesses and Susan R. Tucker, M.D.; and

        3)    Kayla and Kyra Locklear - testimony will be limited to lay witnesses. Karen Brown will not be allowed to testify;

    c.    That the February 1, 2008 letter from Sherry Mullins, Camp Registrar, Comfort Zone Camp, produced by Plaintiffs in Plaintiffs' Supplemental Response to Applicable Discovery Requests Regarding Medical Records be stricken;

    d.    That the July 21, 2008 Itemized Statement of Susan Tucker, M.D. will only be

        allowed into evidence if Dr. Tucker is called as a witness in this matter or if Plaintiffs can otherwise lay a proper foundation at the time of trial; and

e.      That the Court not award attorneys fees.

## CONCLUSION

The Court recommends that Defendant's Joint Motion to Dismiss Counts VI and VII of Plaintiffs' Second Amended Complaint be denied. However, the Court recommends that Defendant's Joint Motion for Sanctions be granted as set forth above.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Alan C. Torgerson**
**UNITED STATES MAGISTRATE JUDGE**