# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STACY LOCKLEAR, Individually, and as
Parent and Next Friend of Ryan Locklear, a minor,
Deceased; and MARJORIE "MISSY" LOCKLEAR,
Individually, and as Parent and Next Friend and as
Personal Representative of the Estate of RYAN LOCKLEAR,
a Minor, Deceased; KAYLA NANETTE LOCKLEAR, a Minor;
and KYRA ANN LOCKLEAR, a minor

      Plaintiffs,

      v.                            CIV. NO. 05-1191 JAP/ACT

KMART CORPORATION, a foreign
corporation, CYCLE SOURCE GROUP, LLC, a
foreign corporation and/or NINGBO LITTLE STAR
CYCLES, CO., LTD., and STREET FLYERS, LLC,
a California corporation,

      Defendants.

## FINDINGS AND RECOMMENDATION[1]

    **THIS MATTER** came before the Court on an Unopposed Motion Requesting a Hearing for

Court Approval of Minor's Settlement filed November 21, 2008 [Doc. 418].[2]  Defendants Kmart,

Cycle Source Group, LLC and Street Flyers, LLC settled with the Plaintiffs.  The Court conducted

a fairness hearing on December 10, 2008.

    F. Michael Hart was appointed the *guardian ad litem* on November 19, 2008  [Doc 417].

He filed his report on December 8, 2008[Doc. 420].

---

[1]Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C).  Within ten days
after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §
636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United
States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the 10
(ten) day period allowed if that party wants to have appellate review of the proposed findings and
Recommendations.  If no objections are filed, no appellate review will be allowed.

[2]An Order of Reference [Doc. 421] was filed on December 10, 2008.

Findings

This is a products liability case arising from the choking death of a three year old child, Ryan Locklear, on a quarter inch diameter ball bearing which Plaintiffs allege was contained within the packaging box of the Spiderman bicycle, which Stacy and Marjorie Locklear had purchase from Defendant K-Mart for the use and enjoyment of their son Ryan Locklear.  The Spiderman bicycle was manufactured by Ningbo Little Star Cycles Co., Ltd., in Ningbo City, People's Republic of China.  Plaintiff further alleged that Defendant Street Flyers LLC, and Defendant Cycle Source Group LLC are within the chain of distribution of the subject bicycle.

Ryan's choking, asphyxiation and death all occurred in the immediate presence of Ryan's sisters.

The terms of the settlement is as follows:

This matter was settled for the sum of four million, four hundred fifty thousand dollars ($4,450,000.00).

Defendants will pay to Plaintiffs, Stacy Locklear and Marjorie Locklear, individually and as parents and natural guardians of Kayla Nanette Locklear, a minor a total sum with a present value of two hundred thousand dollars ($200,000) for a structured settlement.  The terms of the structured settlement are outlined in Exhibits A and C.

Defendants will pay to Plaintiffs, individually and as parents and natural guardians of Kyra Ann Locklear, a minor, a total sum with a present case value of two hundred thousand ($200,000) for a structured settlement.  The terms of the structured settlement are outlined in Exhibits A and B.

The attorneys fees in this matter are $1,869,000.00 which is 42% of the total settlement.  The costs advanced are $214,400.46 and the gross receipts tax is $126,157.50.

Michael Hart, as the *guardian ad litem,* reviewed the costs and found them to be necessary and reasonable.  He also found the attorneys fees to be reasonable.  He stated that the industry

2

standard for difficult and expensive products liability cases was a 45% contingency fee. He noted that this was a complex case involving several defendants including a defendant in China. A review of the docket demonstrates that this was heavily litigated and vigorously defended case.

Stacy and Marjorie Locklear testified during the hearing by phone. They testified that they understood that the structure settlements for their daughters were irrevocable. They further testified that understood they were waiving their right to a jury trial on behalf of their daughters. In addition, they testified they understood the terms of the settlement and thought that the attorneys' fees were reasonable.

Documents concerning the terms of the structured settlements and the closing statement regarding attorney's fees and expenses were marked as exhibits at the hearing. Exhibits A-D.

### Conclusions of Law and Recommendation.

After consideration of the evidence and the testimony of the witnesses, as well as the presentation of counsel, the Court concludes that it has jurisdiction over the parties and subject matter.

The Court further concludes that the settlement is fair and reasonable under the circumstances, and acceptance of the settlement is in Kyran Locklear and Kyra Locklear's best interests.

The Court therefore recommends that the settlement be approved and that the claims against Kmart Corporation, Cycle Source Group, LLC and Street Flyers, LLC be dismissed with prejudice.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STACY LOCKLEAR, Individually, and as Parent
And Next Friend of RYAN LOCKLEAR, a minor,
Deceased; and MARJORIE "MISSY" LOCKLEAR,
Individually, and as Parent and Next Friend and as
Personal Representative of the Estate of RYAN
LOCKLEAR, a Minor, Deceased; KAYLA
NANETTE LOCKLEAR, a Minor; and KYRA
ANN LOCKLEAR, a Minor,

        Plaintiffs,

v.                                       No. CIV 05-1191 JAP/ACT

KMART CORPORATION, a foreign corporation,
CYCLE SOURCE GROUP, LLC, a foreign
Corporation and/or NINGBO LITTLE STAR
CYCLES, CO., LTD., and STREET FLYERS, LLC,
A California corporation,

        Defendants.

### GUARDIAN AD LITEM'S EXHIBITS REGARDING
### FAIRNESS HEARING ON DECEMBER 10, 2008

1.  Memorandum of Settlement;

2.  Structure Settlement Proposal for Kyra Locklear;

3.  Structure Settlement Proposal for Kayla Locklear;

4.  Structured Settlement Provisions; and

5.  John Hancock Information.

                          F. Michael Hart
                          **MARTINEZ & HART, P.C.**
                          Guardian ad litem
                          1801 Rio Grande Blvd. NW
                          Albuquerque, NM 87104
                          (505) 343-1776

Ex. A

# Memorandum of Settlement

October 7, 2008

In the matter of Locklear v. K-Mart et al, Civil Number: 05-CV1191 JAP/ACT, Plaintiffs agree to accept and Defendants and their insurance carriers agree to pay the sum of FOUR MILLION, FOUR HUNDRED FIFTY THOUSAND DOLLARS ($ 4,450,000.00).

1. Zurich on behalf of its insureds agrees to pay the sum of $2,475,000.00.
2. Great American on behalf of its insureds agrees to pay the sum of $1,850,000.00.
3. K-Mart Corporation agrees to pay the sum of $125,000.00.
4. Any part of the settlement may be structured through annuity issuers chosen by Plaintiffs or their agents.
5. All legal paperwork and pleadings, and obtaining court approval for settlement of the claims of the two minor children, Kyra and Kayla Locklear, shall be prepared by, and paid for, and handled by Defendants, in coordination with Plaintiffs' attorneys.
6. Plaintiffs declare that there exist no liens or outstanding expenses of any kind related to this action.
7. Plaintiffs shall not be obligated nor responsible for any indemnification.
8. All sums paid directly or indirectly shall be for personal physical injury or sickness, as defined by IRC 104a2.
9. Defendants shall pay for all mediator fees related to this mediation. (10/7/08)
10. All parties shall mutually cooperate in the preparation and review of the final settlement documents, including the Release, the structured settlement documents, and the Orders of Dismissal to be presented to the District Court. Any disputes that arise in the language of the agreements will be resolved by Judge Torgerson.

Tax-Free Guaranteed Structured Settlement Option

For

# Kyra Locklear

Kyra's Date of Birth: 04-17-98  •  Kyra's Normal Life Expectancy: 70 years

## *October 27, 2008*

# OPTION FOUR

## Tax-Free Guaranteed Semi-Annual Payments:

$       13,500.00       Paid semi-annually ($ 27,000 per year), beginning on
                        07-15-2016 (the summer after Kyra's 18th birthday),
                        guaranteed for 4 years.  Last payment will be made on
                        01-15-2020.  These payments could be used for college
                        tuition.

## Tax-Free Guaranteed Monthly Payments:

$       919.06          Paid monthly beginning on 08-01-2016, guaranteed for
                        6 years.  Last guaranteed payment will be made on 07-
                        01-2022.  These payments may be used to help fund
                        monthly living expenses while Kyra attends college,
                        plus an additional 2 years while she gets established in
                        a career.

## Tax-Free Guaranteed Annual Lifetime Payments:

$       600.00          Paid annually for life, beginning on 11-20-2016,
                        guaranteed for 50 years.  Payments will increase by 3%
                        annually, beginning 11-20-2017.  Payments will
                        continue through 11-20-2065, or as long as Kyra is
                        living, *whichever is longer*.

## Tax-Free Guaranteed Lump Sum Payments:

$       20,000.00       Paid on Kyra's 22nd birthday (04-17-2020).

$       20,000.00       Paid on Kyra's 25th birthday (04-17-2023).

$       25,000.00       Paid on Kyra's 28th birthday (04-17-2026).

$       50,000.00       Paid on Kyra's 30th birthday (04-17-2028).

$       50,000.00       Paid on Kyra's 35th birthday (04-17-2033).

$       100,000.00      Paid on Kyra's 40th birthday (04-17-2038).

*Prepared by Kelly Ramsdale.*
*Proposal is valid for seven days from date at top of page.*



Tax-Free Guaranteed Structured Settlement Option

For

# Kyra Locklear

Kyra's Date of Birth: 04-17-98  *  Kyra's Normal Life Expectancy: 70 years

## *October 27, 2008*

# OPTION FOUR
## (Continued)

## Settlement Proposal Recap:

| | | |
|---|---|---|
| Total tax-free guaranteed benefits paid: | $ | 506,850.44 |
| Total tax-free projected benefits paid: | $ | 544,180.35 |
| Total cost: | $ | 200,000.00 |

*Prepared by Kelly Ramsdale.*
*Proposal is valid for seven days from date at top of page.*



Tax-Free Guaranteed Structured Settlement Option

For

# Kayla Locklear

Kayla's Date of Birth: 07-03-97
Kayla's Normal Life Expectancy: 69 years

## *October 27, 2008*

# OPTION FOUR

## Tax-Free Guaranteed Semi-Annual Payments:

$     12,500.00     Paid semi-annually ($ 25,000 per year), beginning on 07-15-2015 (the summer of Kayla's 18th birthday), guaranteed for 4 years. Last payment will be made on 01-15-2019. These payments could be used for college tuition.

## Tax-Free Guaranteed Monthly Payments:

$     792.49     Paid monthly beginning on 08-01-2015, guaranteed for 6 years. Last guaranteed payment will be made on 07-01-2021. These payments may be used to help fund monthly living expenses while Kayla attends college, plus an additional 2 years while she gets established in a career.

## Tax-Free Guaranteed Annual Lifetime Payments:

$     600.00     Paid annually for life, beginning on 11-20-2015, guaranteed for 50 years. Payments will increase by 3% annually, beginning 11-20-2016. Payments will continue through 11-20-2064, or as long as Kayla is living, *whichever is longer*.

## Tax-Free Guaranteed Lump Sum Payments:

$     20,000.00     Paid on Kayla's 22nd birthday (07-03-2019).

$     20,000.00     Paid on Kayla's 25th birthday (07-03-2022).

$     25,000.00     Paid on Kayla's 28th birthday (07-03-2025).

$     50,000.00     Paid on Kayla's 30th birthday (07-03-2027).

$     50,000.00     Paid on Kayla's 35th birthday (07-03-2032).

$     100,000.00     Paid on Kayla's 40th birthday (07-03-2037).

*Prepared by Kelly Ramsdale.*
*Proposal is valid for seven days from date at top of page.*

kelly
ramsdale
& associates, inc.

Tax-Free Guaranteed Structured Settlement Option
For
# Kayla Locklear
Kayla's Date of Birth: 07-03-97
Kayla's Normal Life Expectancy: 69 years

### *October 27, 2008*

## OPTION FOUR
### (Continued)

## Settlement Proposal Recap:

| | | |
|---|---|---|
| Total tax-free guaranteed benefits paid: | $ | 489,737.40 |
| Total tax-free projected benefits paid: | $ | 527,067.31 |
| Total cost: | $ | 200,000.00 |

## STRUCTURED SETTLEMENT PROVISIONS:

**Payments**

Great American Custom Insurance Company ("Insurer") on behalf of Defendants ("Assignor") agrees to pay the Periodic Payments according to the following schedules (the "Periodic Payments"), having a total present cost of $400,000:

### Payee: Kyra Locklear

$ 13,500.00 paid semi-annually, beginning on 07-15-2016, guaranteed for 4 years. Last payment will be made on 01-15-2020.

$ 1,390.00 paid monthly beginning on 08-01-2016, guaranteed for 6 years. Last guaranteed payment will be made on 07-01-2022.

$ 600.00 paid annually for life, beginning on 11-20-2016, guaranteed for 50 years. Payments will increase by 3% annually, beginning 11-20-2017. Payments will continue through 11-20-2065, or as long as Kyra is living, _whichever is longer_.

$ 20,000.00 paid on 04-17-2020, guaranteed.
$ 20,000.00 paid on 04-17-2023, guaranteed.
$ 25,000.00 paid on 04-17-2026, guaranteed.
$ 50,000.00 paid on 04-17-2028, guaranteed.
$ 50,000.00 paid on 04-17-2033, guaranteed.
$ 100,000.00 paid 04-17-2038, guaranteed.

| | | |
|---|---|---|
| _Total tax-free guaranteed benefits paid:_ | _$_ | _540,758.12_ |
| _Total tax-free projected* benefits paid:_ | _$_ | _578,088.03_ |

    \* based on Kyra's normal life expectancy of 70 years.

### Payee: Kayla Locklear

$ 12,500.00 paid semi-annually, beginning on 07-15-2015, guaranteed for 4 years. Last payment will be made on 01-15-2019.

$ 1,210.00 paid monthly beginning on 08-01-2015, guaranteed for 6 years. Last guaranteed payment will be made on 07-01-2021.

$ 600.00 paid annually for life, beginning on 11-20-2015, guaranteed for 50 years. Payments will increase by 3% annually, beginning 11-20-2016. Payments will continue through 11-20-2064, or as long as Kayla is living, _whichever is longer_.

$ 20,000.00 paid on 07-03-2019, guaranteed.
$ 20,000.00 paid on 07-03-2022, guaranteed.
$ 25,000.00 paid on 07-03-2025, guaranteed.
$ 50,000.00 paid on 07-03-2027, guaranteed.
$ 50,000.00 paid on 07-03-2032, guaranteed.
$ 100,000.00 paid on 07-03-2037, guaranteed.

| | | |
|---|---|---|
| *Total tax-free guaranteed benefits paid:* | $ | *519,798.12* |
| *Total tax-free projected benefits paid:* | $ | *557,128.03* |

*\* based on Kayla's normal life expectancy of 69 years.*

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**ASSIGNMENT:**

The obligation to make periodic payments described above will be assigned by Insurer to John Hancock Assignment Company, (Assignee) and funded by an annuity contract issued by John Hancock Life Insurance Company, rated A++ by A.M. Best Company, AAA by Standard & Poor's, AA+ by Fitch, and Aa1 by Moody's.

**BENEFICIARY:**

Any payments to be made after the death of the respective Payee shall be made to the Estate of the respective Payee. After the age of majority, the respective Payee may submit a change of beneficiary in writing to Assignee. If no person or entity is so designated by the respective Payee such payments shall be made to the Estate of the respective Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee.

John Hancock Financial Services

601 Congress Street
Boston, Massachusetts 02210-2805

*John Hancock*
the future is yours

Dominic D'Alessandro
President and Chief Executive Officer, Manulife Financial
Chairman, John Hancock Financial Services

**October 16, 2008**

**To our valued Clients, Partners and Shareholders**

On October 14th Standard and Poor's reaffirmed its AAA rating for Manulife's rated insurance subsidiaries, including John Hancock Life Insurance Company, stating that "Standard & Poor's believes that Manulife will continue to exhibit the ability to effectively navigate through these difficult times". We are one of only two publicly traded life insurers in the world to enjoy this status.

This highlights the fact that Manulife and John Hancock, while not immune to the economic turmoil of the past few weeks, has substantial financial resources to weather this storm, as we detailed in a press release and presentation to investors this week. Our balance sheet is strong and our business franchises around the world are positioned for continued growth. Our investment portfolio is of high quality, well diversified across asset class and geography and we remain conservatively reserved. We generate sufficient cash flow within our businesses to sustain our operations, rather than relying on credit markets or other short-term funding.

As I have publicly commented, we have no plans at this time to cut dividends or sell off key units to raise capital. We like the businesses we are in and plan to continue to pursue suitable opportunities for growth.

I realize these are very troubling times for our clients, distribution partners and our employees as well as our shareholders. I want to assure you that Manulife and John Hancock's commitment and ability to deliver on our promises remains undiminished. I appreciate your support and thank you for your continuing confidence in Manulife and John Hancock.

Dominic D'Alessandro
President and CEO, Manulife Financial
Chairman, John Hancock Financial Services

# John Hancock Life Insurance Company

200 Clarendon Street, Boston, Massachusetts 02116

*John Hancock*®

## EVIDENCE OF GUARANTEE

Pursuant to a resolution adopted by its Board of Directors, John Hancock Life Insurance Company ("John Hancock") has agreed to guarantee any payment or other obligation required to be made or performed by John Hancock Assignment Company ("JHAC"), a wholly-owned subsidiary of John Hancock, under the terms of any and all qualified assignments (as defined under Section 130 of the Internal Revenue Code of 1986, as amended) that JHAC enters into on or after February 8, 1999 in connection with which JHAC purchases annuities from John Hancock.

_Ronald J. McHugh_
Ronald J. McHugh, FSA, CFA
Senior Vice President
John Hancock Life Insurance Company

*John Hancock.*

the future is yours

Since the 4/28/04 merger of John Hancock Financial Services, Inc. and Manulife Financial Corporation, the stock price of Manulife Financial Corporation (Manulife Financial) has outperformed the S&P 500.

| | MFC NYSE Equity[1] | | S&P 500 Index | | S&P Life/Health Index | |
|---|---|---|---|---|---|---|
| Date | Px Last | | Px Last | | Px Last | |
| 4/28/04 | $18.55 | 0% | $1,122.41 | 0% | $203.87 | 0% |
| 9/30/08 | $36.69 | 98% | $1,164.74 | 4% | $292.58 | 44% |

**Top 10 Global Life Insurers -- Ranked by 9/30/08 Market Capitalization**

| Rank | | $MM |
|---|---|---|
| 1. | China Life | $76,805 |
| 2. | AXA | $66,375 |
| 3. | Manulife (inclusive of John Hancock)[2] | $53,738 |
| 4. | Generali | $46,306 |
| 5. | ING | $43,607 |
| 6. | MetLife | $39,748 |
| 7. | Prudential Financial | $30,600 |
| 8. | AFLAC | $27,977 |
| 9. | Great-West Lifeco | $26,416 |
| 10. | Aviva | $22,739 |

*Source: Thomson Reuters 9/30/08*

**Manulife Financial is a global leader**

- Manulife Financial ranks as the **3rd** largest public life insurer in the world and the largest in North America **based on market capitalization** as of September 30, 2008.
  *Source: Thomson Reuters 9/30/08*

- The Manulife Financial Companies have approximately 24,000 employees worldwide, **including approximately 4,000 employees in Boston, MA**.

- Manulife Financial operates in **19 countries and territories worldwide**.

**Financial results have been strong.**

- For the quarter ended September 30, 2008, the U.S. companies doing business under the John Hancock brand (John Hancock Companies)[2] earned $311 million, contributing 63.3% to Manulife Financial's total shareholder earnings of $491 million.

- Total premiums and deposits for the quarter from the John Hancock Companies were $9.8 billion or 62.1% of Manulife Financial's overall premiums and deposits of $15.8 billion.

- Funds under management by John Hancock Companies were $211.4 billion, 58.2% of the $363.5 billion in funds under management by Manulife and its subsidiaries as of September 30, 2008.

**John Hancock Companies hold premier market positions**

- 96% of U.S. consumers are aware of the John Hancock brand for financial services.[3]

- The John Hancock Companies provide solutions for 8 of consumers' top 10 financial concerns, including the need to plan for retirement, the cost of healthcare/medical expenses, outliving savings and financial security after retirement.[5]

**U.S. Market Rankings[4]**

#1 Total Life
#1 Variable Life
#1 Universal Life
#1 Survivorship Life
#1 Small Case 401(k) Plans
#2 Group LTC Insurance
#2 Individual LTC Insurance
#2 College Savings
#3 Variable Annuities
#10 Fixed Annuities
#14 Mutual Funds

**Financial strength ratings are among the highest in the industry.**[6] As of September 30, 2008:

| | S&P | Moody's | A.M. Best | Fitch Ratings | DBRS |
|---|---|---|---|---|---|
| The Manufacturers Life Insurance Company | AAA | Aa1 | A++ | AA+ | IC-1 |
| John Hancock Companies[2] | AAA | Aa1 | A++ | AA+ | Not rated |

[1] All dollar amounts are US$.
[2] In the United States, long term care insurance, life insurance and annuity products are issued by the following companies: John Hancock Life Insurance Company (U.S.A.) (not licensed in New York), John Hancock Life Insurance Company of New York, John Hancock Life Insurance Company and John Hancock Variable Life Insurance Company (not licensed in New York). Securities are distributed by John Hancock Distributors, LLC and John Hancock Funds LLC
[3] Chadwick Martin and Bailey, 2007
[4] Total, Universal, Variable and Survivorship Life based on 100% of Recurring Premium plus 10% of Single Premium plus 10% of Excess Premium (LIMRA, 6/30/08); 401(k) based upon plans among insurance companies, mutual fund companies and banks (2008 CFO Magazine 401(k) Buyers Guide Ranking, May 2008); Group LTC based on new sales (LIMRA, 6/30/08); Individual LTC based on new sales (LIMRA, 6/30/08); College Savings based on non-proprietary, multi-managed 529 plans ranked by assets (FRC, June 2008); Variable Annuities based on sales within the non-proprietary broker/dealer segment (VARDS, 6/30/08 YTD); Fixed Annuities based on fixed-rate sales through Q2, inclusive of book value, immediate and structured settlements, excluding market value adjusted annuities (LIMRA, 6/30/08 YTD); and Mutual Funds based on new sales within the non-proprietary channel (Investment Company Institute, 6/30/08 YTD).
[5] Yankelovich, Inc market research (2004)
[6] Insurance ratings, which are subject to change, apply to The Manufacturers Life Insurance Company and its subsidiaries including the John Hancock Companies other than John Hancock Distributors, LLC and John Hancock Funds LLC, as a measure of the respective issuing company's claims-paying ability, but not specifically to its products, the performance of these products, the value of any investment in these products upon withdrawal or to the individual securities held in any portfolio. **Standard & Poor's**, AAA (Highest of 21 ratings) - Extremely strong financial security characteristics. • **Moody's**, Aa1 (2nd highest of 21 ratings) - Excellent in financial strength. • **A.M. Best**, A++ (Highest of 16 ratings) - Superior ability to meet ongoing obligations. • **Fitch Ratings**, AA+ (2nd highest of 21 ratings) - Very strong capacity to meet policyholder and contract obligations • **DBRS**, IC-1 (Highest of 6 ratings) – Superior credit quality.
EC-2008-19 11/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STACY LOCKLEAR, Individually and as Parent
and Next Friend of RYAN LOCKLEAR, a
Minor, Deceased; MARJORIE "MISSY" LOCKLEAR,
Individually, as Parent and Next Friend and as Personal
Representative of the Estate of RYAN LOCKLEAR,
a Minor, Deceased; KAYLA NANETTE LOCKLEAR,
a Minor; and KYRA ANN LOCKLEAR, a Minor,
     Plaintiffs,

v.                                    No.  CIV 05-1191 JAP ACT

KMART CORPORATION, a foreign corporation;
CYCLE SOURCE GROUP LLC, a foreign corporation,
and/or NINGBO LITTLE STAR CYCLES CO., LTD., a foreign
corporation, and STREET FLYERS, LLC, a California
corporation,
     Defendants.

## STIPULATION FOR SETTLEMENT OF ALL CLAIMS PERTAINING TO KYRA ANN LOCKLEAR, MINOR CHILD

Plaintiffs and Defendants stipulate as follows:

1.    Defendants will pay to Plaintiffs, Stacy Locklear and Majorie "Missy" Locklear, individually and as parents and natural guardians of Kyra Ann Locklear, a minor, a total sum with a present case value of TWO HUNDRED THOUSAND and XX/100 DOLLARS ($200,000.00) upon court approval of the settlement and receipt by Defendants of the release signed by Plaintiffs Stacy Locklear and Majorie "Missy" Locklear.

2.    Payments shall be made in accordance with the Addendum for Minor's Compromise attached hereto as Exhibit A.

3.    The parties shall request court approval of the proposed settlement as being in the best interest of the minor child, Kyra Ann Locklear.



4.      Plaintiffs will dismiss this suit with prejudice upon court approval of the settlement.

MILLER STRATVERT P.A.

_____
H. Brook Laskey
Attorneys for Defendant Street Flyers
P.O. Box 25687
Albuquerque, New Mexico 87125
Telephone:  (505) 842-1950
Facsimile:  (505) 243-4408


GILMAN LAW FIRM P.A.

_____
James K. Gilman
Attorney for Plaintiffs
1400 Central Ave. SE, #1000
Albuquerque, NM 87106-4844
Telephone: 875-0700
Facsimile: 878-9414


        and

Corbin Hildebrandt
Corbin Hildebrandt PC
Attorney for Plaintiffs
Group
1400 Central Ave. SE, #2000
Albuquerque, NM  87106-4852
Telephone:  998-6626
Facsimile:  998-6628

YENSON, LYNN, ALLEN & WOSICK, PC

_____
fn/ Joseph B. Wosick/Patrick Allen
Attorneys for Defendant Kmart Corporation
4908 Alameda Blvd. NE
Albuquerque, New Mexico 87113
Telephone:  266-3995
Facsimile:  268-6694


MOSES, DUNN, FARMER & TUTHILL PC

_____
Mark Glenn
Attorneys for Defendant Cycle Source Group
P.O. Box 27047
Albuquerque, NM 87125
Telephone: 843-9440
Facsimile: 247-3213


        and

Lee Mickus/Anne Kelly
Snell & Wilmer, LLP
Attorneys for Defendant Cycle Source

1200 Seventeenth Street
Suite 1900, Tabor Center
Denver, Colorado 80202
Telephone:  (303) 634-2000
Facsimile:  (303) 634-2020


P:\12000-12999\12746\40605\settlement\stip for settlement – Kyra.doc

## ADDENDUM FOR MINOR'S COMPROMISE – KYRA LOCKLEAR

**Payments**

Great American Custom Insurance Company ("Insurer") on behalf of Defendants ("Assignors") agrees to pay the Periodic Payments according to the following schedules (the "Periodic Payments"), having a total present cost of $200,000:

> **Payee:  Kyra Locklear**
>
> $ 13,500.00 paid semi-annually, beginning on 07-15-2016, guaranteed for 4 years.  Last payment will be made on 01-15-2020.
>
> $ 1,390.00 paid monthly beginning on 08-01-2016, guaranteed for 6 years.  Last guaranteed payment will be made on 07-01-2022.
>
> $ 600.00 paid annually for life, beginning on 11-20-2016, guaranteed for 50 years.  Payments will increase by 3% annually, beginning 11-20-2017.  Payments will continue through 11-20-2065, or as long as Kyra is living, _whichever is longer_.
>
> $ 20,000.00 paid on 04-17-2020, guaranteed.
> $ 20,000.00 paid on 04-17-2023, guaranteed.
> $ 25,000.00 paid on 04-17-2026, guaranteed.
> $ 50,000.00 paid on 04-17-2028, guaranteed.
> $ 50,000.00 paid on 04-17-2033, guaranteed.
> $ 100,000.00 paid 04-17-2038, guaranteed.

| | | |
|---|---|---|
| _**Total tax-free guaranteed benefits paid:**_ | $ | _540,758.12_ |
| _**Total tax-free projected\* benefits paid:**_ | $ | _578,088.03_ |

* based on Kyra's normal life expectancy of 70 years.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**ASSIGNMENT:**

The obligation to make periodic payments described above will be assigned by Insurer to John Hancock Assignment Company ("Assignee") and funded by an annuity contract issued by John Hancock Life Insurance Company, rated A++ by A.M. Best Company, AAA by Standard & Poor's, AA+ by Fitch, and Aa1 by Moody's.

**BENEFICIARY:**

Any payments to be made after the death of the Payee shall be made to the Estate of the Payee. After the age of majority, the Payee may submit a change of beneficiary in writing to Assignee. If no person or entity is so designated by the Payee such payments shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee.  The designation must be in a form acceptable to the Assignee.

P:\12000-12999\12746\40605\settlement\addendum – Kayla.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STACY LOCKLEAR, Individually and as Parent
and Next Friend of RYAN LOCKLEAR, a
Minor, Deceased; MARJORIE "MISSY" LOCKLEAR,
Individually, as Parent and Next Friend and as Personal
Representative of the Estate of RYAN LOCKLEAR,
a Minor, Deceased; KAYLA NANETTE LOCKLEAR,
a Minor; and KYRA ANN LOCKLEAR, a Minor,
      Plaintiffs,

v.                                        No.  CIV 05-1191 JAP ACT

KMART CORPORATION, a foreign corporation;
CYCLE SOURCE GROUP LLC, a foreign corporation,
and/or NINGBO LITTLE STAR CYCLES CO., LTD., a foreign
corporation, and STREET FLYERS, LLC, a California
corporation,
      Defendants.

## STIPULATION FOR SETTLEMENT OF ALL CLAIMS PERTAINING TO KAYLA NANETTE LOCKLEAR, MINOR CHILD

Plaintiffs and Defendants stipulate as follows:

1.    Defendants will pay to Plaintiffs, Stacy Locklear and Majorie "Missy" Locklear, individually and as parents and natural guardians of Kayla Nanette Locklear, a minor, a total sum with a present case value of TWO HUNDRED THOUSAND and XX/100 DOLLARS ($200,000.00) upon court approval of the settlement and receipt by Defendants of the release signed by Plaintiffs Stacy Locklear and Majorie "Missy" Locklear.

2.    Payments shall be made in accordance with the Addendum for Minor's Compromise attached hereto as Exhibit A.

3.    The parties shall request court approval of the proposed settlement as being in the best interest of the minor child, Kayla Nanette Locklear.

Ex C.

4.      Plaintiffs will dismiss this suit with prejudice upon court approval of the

settlement.

MILLER STRATVERT P.A.                          YENSON, LYNN, ALLEN & WOSICK, PC

_____               _____
H. Brook Laskey                                for Joseph B. Wosick/Patrick Allen
Attorneys for Defendant Street Flyers          Attorneys for Defendant Kmart Corporation
P.O. Box 25687                                 4908 Alameda Blvd. NE
Albuquerque, New Mexico 87125                  Albuquerque, New Mexico 87113
Telephone:  (505) 842-1950                     Telephone:  266-3995
Facsimile:  (505) 243-4408                     Facsimile:  268-6694


GILMAN LAW FIRM P.A.                           MOSES, DUNN, FARMER & TUTHILL PC

_____               _____
James K. Gilman                                Mark Glenn
Attorney for Plaintiffs                        Attorneys for Defendant Cycle Source Group
1400 Central Ave. SE, #1000                    P.O. Box 27047
Albuquerque, NM 87106-4844                     Albuquerque, NM 87125
Telephone: 875-0700                            Telephone: 843-9440
Facsimile: 878-9414                            Facsimile: 247-3213


        and                                            and

Corbin Hildebrandt                             Lee Mickus/Anne Kelly
Corbin Hildebrandt PC                          Snell & Wilmer, LLP
Attorney for Plaintiffs                        Attorneys for Defendant Cycle Source
Group
1400 Central Ave. SE, #2000                    1200 Seventeenth Street
Albuquerque, NM  87106-4852                    Suite 1900, Tabor Center
Telephone: 998-6626                            Denver, Colorado 80202
Facsimile: 998-6628                            Telephone:  (303) 634-2000
                                               Facsimile:  (303) 634-2020

P:\12000-12999\12746\40605\settlement\stip for settlement – Kayla.doc

## ADDENDUM FOR MINOR'S COMPROMISE – KAYLA LOCKLEAR

**Payments**

Great American Custom Insurance Company ("Insurer") on behalf of Defendants ("Assignors") agrees to pay the Periodic Payments according to the following schedules (the "Periodic Payments"), having a total present cost of $200,000:

> **Payee:  Kayla Locklear**
>
> $ 12,500.00 paid semi-annually, beginning on 07-15-2015, guaranteed for 4 years.  Last payment will be made on 01-15-2019.
>
> $ 1,210.00 paid monthly beginning on 08-01-2015, guaranteed for 6 years.  Last guaranteed payment will be made on 07-01-2021.
>
> $ 600.00 paid annually for life, beginning on 11-20-2015, guaranteed for 50 years.  Payments will increase by 3% annually, beginning 11-20-2016.  Payments will continue through 11-20-2064, or as long as Kayla is living, _whichever is longer_.
>
> $ 20,000.00 paid on 07-03-2019, guaranteed.
> $ 20,000.00 paid on 07-03-2022, guaranteed.
> $ 25,000.00 paid on 07-03-2025, guaranteed.
> $ 50,000.00 paid on 07-03-2027, guaranteed.
> $ 50,000.00 paid on 07-03-2032, guaranteed.
> $ 100,000.00 paid on 07-03-2037, guaranteed.
>
> | | | |
> |---|---|---|
> | _Total tax-free guaranteed benefits paid:_ | $ | _519,798.12_ |
> | _Total tax-free projected benefits paid:_ | $ | _557,128.03_ |
>
> * based on Kayla's normal life expectancy of 69 years.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**ASSIGNMENT:**

The obligation to make periodic payments described above will be assigned by Insurer to John Hancock Assignment Company ("Assignee") and funded by an annuity contract issued by John Hancock Life Insurance Company, rated A++ by A.M. Best Company, AAA by Standard  & Poor's, AA+ by Fitch, and Aa1 by Moody's.

**BENEFICIARY:**

Any payments to be made after the death of the Payee shall be made to the Estate of the Payee. After the age of majority, the Payee may submit a change of beneficiary in writing to Assignee. If no person or entity is so designated by the Payee such payments shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee.  The designation must be in a form acceptable to the Assignee.

GILMAN LAW OFFICES, LLC.
1400 Central SE, Suite 1000
ALBUQUERQUE, NEW MEXICO 87106
505-875-0700

### CASE CLOSING STATEMENT

CASE: __Locklear v. K-Mart_____   DATE: October 21, 2008
OUR FILE: v. _05-CV-1191  JAP/ACT  USDC  DNM

| | | |
|---|---|---|
| FUNDS RECEIVED: | $4,450,000.00 | |
| LESS: | | 42% |
| ATTORNEY'S FEE | $1,869,000.00 | |
| NM GROSS RECEIPTS TAX | $ 126,157.50 | |
| ATTORNEY COSTS ADVANCED | $ 214,400.46 | |
| TOTAL TO ATTORNEY OFC. | $2,209,557.96 | |

SUBTOTAL                                    $2,240,442.04

LESS FUNDS TO BE PAID OUT TO CREDITORS OF CLIENT:
NONE KNOWN                                  $         0.00
_____     $_____
                                            $_____
TOTAL CREDITOR'S BILLS DEDUCTED:   $_____

PLUS CLIENT'S BALANCE IN TRUST
ACCOUNT, IF ANY   :                         $         0.00
              TOTAL:        _SD1____         $2,240,253.96
                        Initial   Initial

If there are outstanding medical bills, subrogation rights, reimbursement rights, liens, or
expenses incurred by the client as a result of this action **that have not been disclosed to
this firm by the client or an interested third party**, client will be solely responsible for
the payment.

By the signatures below, client and attorney agree that this is a full and final accounting
of all proceeds received and disbursements made by this firm regarding this case. The
client hereby releases our firm as well as any and all defendants and insurance carriers
from liability, acknowledging that they agree to and are satisfied with the settlement and
the accounting of the proceeds. Client has been provided with cost ledger and trust
ledger. This case is now closed and attorney no longer represents client in this case.

I have this day received from GILMAN LAW OFFICES, LLC the sum of _____
DOLLARS ($_____). _____   _____
                        Initial        Initial

*Z:\02 Active Files\Clients K - O\LOCKLEAR Stacy\Settlement\102308Case closing statements.doc*

EX D

I have been informed that my file is available to me for my own personal file and that I have thirty days from today's date to inform Gilman Law Offices. LLC which file materials I so wish to keep.  Otherwise, the contents of my file will be destroyed.

CLIENT:
Wrongful death estate of Ryan Locklear
by _____. Dated: 4 Nov 08
    Stacy Locklear, father and PR

Stacy Locklear
by _____. Dated: 4 Nov 08
    Stacy Locklear

Marjorie "Missy" Locklear
by _____. Dated: 4 Nov 08
    Stacy Locklear, Husband

Kayla Locklear, a minor child
by _____. Dated: 4 Nov 08
    Stacy Locklear, father

Kyra Locklear, a minor child
by _____. Dated: 4 Nov 08
    Stacy Locklear, father

_____
WITNESS